PROB 12
(02/05-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U. S. A. vs. Julius Muhammad                    Docket Number: 04-1249m

DEC -6 2005

## Petition on Probation

ORY C. LANGHAM
CLER

COMES NOW, Thomas Meyer, probation officer of the court, presenting an official report upon the conduct and attitude of Julius Muhammad who was placed on supervision by the Honorable Boyd N. Boland sitting in the court at Denver, Colorado, on the 9th day of June, 2005, who fixed the period of supervision at five (5) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1.     The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless he is in compliance with the periodic payment obligations imposed pursuant to the court's judgment and sentence.

2.     The defendant shall work with the probation officer in development of a monthly budget that shall be reviewed with the probation officer quarterly.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the modification of the defendant's conditions of probation to include a special condition requiring that: 3) The defendant shall be placed on home detention for a period of 30 days, to commence as directed by the probation officer. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, cordless telephones for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department. The defendant will be required to pay the cost of electronic monitoring as directed by the probation officer.

### ORDER OF THE COURT

Considered and ordered this _2__ day of
November, 2005, and ordered filed and made a part
of the record in the above case.

I declare under penalty of perjury that the foregoing is
true and correct.

_____
Boyd N. Boland
United States Magistrate Judge

_____ FOR ___
Thomas Meyer
U.S. Probation Officer

Place: Denver, Colorado

Date: November 29, 2005

PROB 12
(02/05-D/CO)

## ATTACHMENT

Attached hereto as <u>Exhibit A</u> and incorporated by reference is a true copy of the conditions of probation, which were read and provided to the defendant on June 13, 2005, acknowledging that the conditions had been read and explained to him and that he had been given a copy of them. The term of probation commenced on June 9, 2005.

Attached hereto as <u>Exhibit B</u> and incorporated by reference is a signed statement executed by the defendant and defense counsel, which waives the right to a hearing and agrees to the proposed modification of the conditions of probation.

The defendant's period of probation commenced on June 9, 2005.

Since the onset of probation supervision, the defendant has driven a motor vehicle on several occasions while his Colorado state driver's license was revoked, despite his knowledge that he was prohibited from driving a motor vehicle without a valid license.

On August 8, 2005, I observed the defendant drive his motor vehicle to his place of employment, namely Motel 6 in Englewood, Colorado. At this point in time, I was unaware of the fact that his Colorado driver's license had been revoked. On August 9, 2005, the defendant confirmed that he had driven his motor vehicle to Motel 6.

On September 14, 2005, the defendant contacted me to report that he was issued a traffic summons by the Aurora, Colorado Police Department on September 12, 2005, for Driving a Motor Vehicle While Under Suspension, and Operating an Uninsured Motor Vehicle on a Public Roadway. At that time, I instructed the defendant to immediately cease the driving of motor vehicles until he obtains a valid driver's license. I also informed him that if he were to be found driving a motor vehicle without a valid license again in the future, I would consider seeking a Community Corrections Center placement.

On or about October 14, 2005, I spoke with the defendant's Arapahoe County, Colorado probation officer who stated that the probation officer's supervisor had observed the defendant drive away from the Community Alternatives probation office in Aurora, Colorado on October 14, 2005, in an aggressive manner following his meeting with that probation officer. At that time, the defendant's drivers license remained in suspension status.

On November 1, 2005, the defendant reported to the Probation Office to attend a compliance meeting involving Supervising United States Probation Officer (SUSPO) Richard Vaccaro and myself for the purpose of discussing his continued driving without a driver's valid license on the aforementioned occasions. The defendant was again instructed by myself as well as SUSPO Vaccaro to immediately cease driving a motor vehicle until his driver's license is reinstated. Furthermore, the defendant was advised that we were going to seek a modification of his conditions of probation to include a 30 day period of home detention.

Attached is a Waiver of Hearing to Modify Conditions of Probation form signed by the defendant and his attorney, Alaurice Tafoya-Modi. Assistant United States Attorney James Allison has been consulted and has no objection to the proposed modification.

I am also writing to inform the Court as to the disposition of Arapahoe County Court Case Number 04M648. On March 18, 2004, the Aurora Police Department was notified as to a possible child abuse case. The defendant was subsequently cited for Child Abuse, a misdemeanor offense, on April 15, 2004. The date of the offense was March 17, 2004, and the victim was the defendant's daughter. The defendant was said by his daughter to have used a wooden board and then a piece of metal tubing to strike his daughter on the legs in the course of his disciplining the child. The defendant initially pleaded not guilty on May 18, 2004. He subsequently withdrew that plea in order to enter a plea of guilty on July 26, 2005. The defendant was also sentenced on July 26, 2005, to 12 months supervised probation. No Court intervention is requested as this incident occurred prior to the onset of probation in the instant offense.

PROB 7A
(03/01 - D-CO)



Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

FOR THE

## DISTRICT OF COLORADO

To:      Julius Muhammad                    Docket No.:   04-1249M

Address:    15793 East Caspian Circle
            Unit 4, Apartment 108
            Aurora, Colorado 80013

Under the terms of this sentence, the defendant has been placed on probation by the Honorable Boyd N. Boland, United States Magistrate Judge for the District of Colorado. The defendant's term of supervision is for a period of five (5) years, commencing June 9, 2005.

While on probation, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any schedule of payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[ X ]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

[ ]      The defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

[ ]      The defendant shall register as a sex offender in any state where the defendant resides, is employed, carries on a vocation, or is a student..

[ ]      The defendant shall attend a domestic violence rehabilitation program that has been approved by the Court, as directed by the probation officer..

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ X ]    The above drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the court that the defendant shall comply with the following standard conditions:**

(1)      The defendant shall not leave the judicial district without the permission of the Court or probation officer;

(2)      The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

PROB 7A
(03/01 - D-CO)

(3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)   The defendant shall support his or her dependents and meet other family responsibilities;

(5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)   The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;

(7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)  The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)  The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court;

(13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

(14)  The defendant shall provide the probation officer with access to any requested financial information.

**The special conditions ordered by the Court are as follows:**

(1)   The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless he is in compliance with the periodic payment obligations imposed pursuant to the court's judgment and sentence.

(2)   The defendant shall work with the probation officer in development of a monthly budget that shall be reviewed with the probation officer quarterly.

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Julius Muhammad_ _____  06/13/05
                    Defendant                              Date

_____  6/13/05
U.S. Probation Officer/Designated Witness        Date

Tom Meyer


CO49
(7/99)

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

To whatever extent this modification or extension arises from a possible violation of a condition of my probation or supervised release, I understand that even after agreeing to the below listed modification, this conduct could still be considered in the future by the Court as the basis for possible revocation of my probation or supervised release.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1.   The defendant shall be placed on home detention for a period of 30 days, to *Hm* commence as directed by the probation officer. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, cordless telephones for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department. The defendant will be required to pay the cost of electronic monitoring as directed by the probation officer.

Signed: _____ Julius Muhammad _____ Nov 1, 05
            Probationer or Supervised Releasee          Date

Witness: _____ Tom _____ 11/29/05
            U.S. Probation Officer          Date

Signed: _____ _____ Nov 1, 05
            Counsel          Date